UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BLOOMBERG L.P.,

                    *Plaintiff*,

v.                                                      Civil Action No. 23-0716 (TNM)

FOOD AND DRUG ADMINISTRATION,
et al.,

                    *Defendants*.

## ANSWER

Defendants, U.S. States Food and Drug Administration ("FDA") and the U.S. Department of Health and Human Services ("HHS") (collectively, "Defendants"), by and through undersigned counsel, respectfully submits this Answer to the Complaint, ECF No. 1, filed by Plaintiff Bloomberg L.P. under Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1.      This paragraph consists of Plaintiff's characterization of its lawsuit and conclusions of law, to which no response is required.  To the extent that a response is required, Defendants only admit that Plaintiff has sought, through a FOIA request, records from the FDA.

## PARTIES[1]

2.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations contained in the first sentence of this paragraph.  Defendants admit the allegations in the second sentence of this paragraph.

3.      Defendants admit FDA is a  federal agency within the meaning of the FOIA and a component of HHS.

4.      Defendants admit HHS is a federal agency within the meaning of the FOIA.

## JURISDICTION AND VENUE

5.      This paragraph does not contain allegations of fact but rather conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

6.      This paragraph does not contain allegations of fact but rather conclusions of law regarding venue, to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that venue lies in this judicial district for a proper claim under FOIA.

---

[1]      For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## AUGUST 30, 2021 FOIA REQUEST

7.      Defendants admit that FDA received a FOIA request from Plaintiff dated August 30, 2021.  Defendants respectfully refer the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

8.      Defendants admit the allegations in this paragraph.

9.      Defendants admit that Plaintiff sent an email to FDA dated January 25, 2022. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

10.      Defendants admit that FDA sent an email to Plaintiff dated February 3, 2022. Defendants respectfully refer the Court to the email for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

11.      Defendants admit the allegations in this paragraph.

12.      Defendants admit that Plaintiff submitted a narrowed FOIA request to FDA by letter dated January 23, 2023.  Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

13.      Defendants admit that Plaintiff submitted a narrowed FOIA request to FDA by letter dated January 23, 2023.  Defendants respectfully refer the Court to the letter for a complete and accurate statement of its contents and deny any inconsistent allegations therein.

14.      Defendants admit the allegations in this paragraph.

15.      Defendants admit the allegations in this paragraph.

16.      Defendants admit that as of March 16, 2023, FDA had not issued a determination on or produced records responsive to Plaintiff's FOIA request.  The remaining allegations in this

paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

## COUNT I – AUGUST 30, 2021 FOIA REQUEST,
## FDA'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION

17.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

18.     Defendants admit that Plaintiff's FOIA request seeks the disclosure of agency records.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

19.     Defendants admit the FDA and HHS are federal agencies within the meaning of the FOIA.

20.     The allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

21.     Defendants admit that as of March 16, 2023, FDA had not issued a determination on Plaintiff's FOIA request.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT II – AUGUST 30, 2021 FOIA REQUEST,
## FDA'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

22.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

23.     Defendants admit that Plaintiff's FOIA request seeks the disclosure of agency records.  The remaining allegations in this paragraph contain legal conclusions, to which no

response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

24.     Defendants admit the FDA and HHS are federal agencies within the meaning of the FOIA.

25.     The allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

26.     Defendants admit that as of March 16, 2023, FDA had not issued a determination on Plaintiff's FOIA request.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

**COUNT III – AUGUST 30, 2021 FOIA REQUEST,**
**FDA'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS**

27.     Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

28.     Defendants admit that Plaintiff's FOIA request seeks the disclosure of agency records.  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

29.     Defendants admit the FDA and HHS are federal agencies within the meaning of the FOIA.

30.     The allegations in this paragraph contain legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

31.     Defendants admit that as of March 16, 2023, FDA had not issued a determination on Plaintiff's FOIA request.  The remaining allegations in this paragraph contain legal

5

conclusions, to which no response is required.  To the extent a response is required, Defendants

deny the allegations in this paragraph.

## PRAYER FOR RELIEF

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is

required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled

to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this

Answer as the facts and circumstances giving rise to this Complaint become known to Defendants

through the course of this litigation.  Defendants do not assume the burden of proving any of these

defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record

protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

## SECOND DEFENSE

Plaintiff failed to reasonably describe the records sought.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter

## FOURTH DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that

exceed the relief authorized by FOIA.

**FIFTH DEFENSE**

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**SIXTH DEFENSE**

Defendants conducted an adequate search for documents responsive to Plaintiff's FOIA request.

**SEVENTH DEFENSE**

Defendants have not improperly withheld records requested by Plaintiff under FOIA.

\*       \*       \*

Dated:  April 20, 2023
         Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar. # 481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By: */s/ Stephanie R. Johnson*_____
                                             STEPHANIE R. JOHNSON
                                             Assistant United States Attorney
                                             United States Attorney's Office
                                             District of Columbia
                                             601 D Street, NW
                                             Washington, DC 20530
                                             (202) 252-7874
                                             Stephanie.Johnson5@usdoj.gov

                                        *Attorneys for Defendants*

Of Counsel:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and Human Services

MARK RAZA
Chief Counsel

WENDY S. VICENTE
Deputy Chief Counsel, Litigation

ELIZABETH TETER-GOSSMANN
Associate Chief Counsel
Office of the General Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993